IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **JAMES E. McGARY (01)**, <br><br> Defendant. | Case No. 13-40058-01-DDC |

**MEMORANDUM AND ORDER**
**DENYING MOTION TO TERMINATE SUPERVISED RELEASE**

Defendant James McGary has moved to terminate his term of supervised release (TSR). *See* Doc. 79. In short form, on February 2, 2015, Mr. McGary entered a guilty plea (Doc. 41) to possession of child pornography, violating 18 U.S.C. § 2252(a)(4)(B). On November 30, 2015, the court sentenced Mr. McGary to imprisonment for 78 months, five years of supervised release, and $3,000 restitution. Doc. 72 at 2, 3, 5. The United States asserts that Mr. McGary's arrest followed an undercover investigation which revealed that he had used a file sharing program to distribute over 500 images, including those sexually exploiting minors under fourteen. Doc. 84 at 3. Law enforcement later searched Mr. McGary's residence and discovered 16,598 images depicting child pornography on his laptop. *Id.* at 3–4.

Mr. McGary began his TSR in June of 2020. Doc. 79 at 2. The United States opposes the current motion to terminate that term. Doc. 84. It acknowledges that Mr. McGary has complied with his conditions of supervision (aside from a July 2020 incident where Mr. McGary had unauthorized contact with a minor), he is currently sober, and Mr. McGary has paid his

restitution, fines, and fees in full.  *Id.* at 4–5.  The United States nonetheless asks the court to deny Mr. McGary's motion.  It argues Mr. McGary's pre-indictment criminal history— "involving violent acts and drug trafficking"—counsels against granting his motion.  *Id.* at 6.  And it highlights Mr. McGary's July 2020 unapproved contact with a minor, violating his conditions of supervision.  *Id.* at 7.

Also, the government opposes the motion because it would grant Mr. McGary "a shorter period of supervised release than what the Court statutorily could order in the first instance."  *Id.* at 6.  The relevant statute required the court, at sentencing, to impose a term of at least five years of supervised release for defendants guilty of possessing child pornography.  18 U.S.C. § 3583(k) ("[T]he authorized term of supervised release for any offense under section . . . 2252 . . . is any term of years not less than 5, or life.").  Despite this obligation, the court can terminate supervised release before Mr. McGary has served five years.  *See United States v. Cottom*, 688 F. Supp. 3d 65, 69–70 (W.D.N.Y. 2023) (rejecting government's argument that § 3583(k) precludes courts from considering "relevant § 3553(a) factors in cases where the request for early termination would cut the term of supervised release below the five-year minimum" and collecting cases).  The government acknowledges that early termination is "legally permissible[.]"  Doc. 84 at 6.  Yet, it opposes Mr. McGary's motion because "early termination under the circumstances here allows the defendant to subvert the minimum five (5) year term of supervised release."  *Id.*

The court has substantial discretion when it decides whether to terminate a TSR earlier than its natural expiration.  *See* 18 U.S.C. § 3583(e)(1).  The controlling statute directs the sentencing court to decide whether early termination "'is warranted by the conduct of the defendant released and the interest of justice.'"  *See Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th

2

Cir. 2012) (quoting 18 U.S.C. § 3583(e)(1)).  After considering the pertinent factors identified in § 3553(a), the court concludes that those factors, on balance, simply don't support termination at this early stage.  Nonetheless, the court hopes that Mr. McGary will continue his positive trend and, if he does, will consider a renewed motion once he successfully completes more time on supervision.  While the court is pleased to learn that Mr. McGary is performing well on supervision, the crime of conviction is simply too serious and the danger to the public is simply too profound to discontinue supervision after just 47 months.  Regrettably, the court properly can't establish a definitive, forward-looking length of supervision that might justify a renewed motion.  But the court can report that 47 months is too soon to terminate a 60-month TSR on this defendant's characteristics and history.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant James McGary's Motion to Terminate Defendant's Term of Supervised Release (Doc. 79) is denied for reasons explained in this Order.

**IT IS SO ORDERED.**

**Dated this 19th day of July, 2024, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**